## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO. 3:17-cv-01319-J-20-MCR

MAYRA MARTINEZ,

        Plaintiff,

v.

SHERIFF MIKE WILLIAMS, in his official
Capacity as Sheriff of the Jacksonville
Sheriff's Office and the Consolidated
City of Jacksonville, Florida, AKINYEMI
A. BORISADE, N.H. VICKERY, K. A. CHASTAIN,
J. C. ANDRES, and EMPERORS, INC., a Florida
Corporation, d/b/a SCORES.

        Defendants.

_____/

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MAYRA MARTINEZ, by and through her undersigned counsel, and files this Amended Complaint against Defendants, SHERIFF MIKE WILLIAMS, in his official capacity as Sheriff of the Jacksonville Sheriff's Office for the Consolidated City of Jacksonville Florida, and OFFICER AKINYEMI BORISADE, individually, as well as OFFICER N. H. VICKERY, OFFICER K. A. CHASTAIN, and OFFICER J. C. ANDRES. Additionally, Plaintiff brings claims against EMPERORS, INC., a Florida Corporation, d/b/a SCORES (hereinafter referred to as "SCORES"). In support thereof, she states as follows:

### JURISDICTION, PARTIES AND VENUE

1.      This is an action for damages in tort as well as deprivation of civil rights guaranteed by the United States Constitution via 42 U.S.C. Sections 1983 and 1988, 4th and 14th



PLAINTIFF'S EXHIBIT

"A"

Amendments of the U.S. Constitution and Florida state law claims, pursuant to the laws of the State of Florida.  The amount in controversy exceeds the jurisdictional limits of the Court, exclusive of interest, costs, and attorneys' fees.

2.     Venue and subject matter jurisdiction are properly before this Court because all wrongful acts complained of occurred within Jacksonville, Duval County, Florida.

3.     All conditions precedent to filing this Complaint have occurred. Prior to the filing of this Complaint, Plaintiff served requisite notices of these claims pursuant to Florida Statute Section 768.28 and other relevant laws.

4.     The Plaintiff, MAYRA MARTINEZ, is a resident of Orlando, Orange County, Florida, but at all material times resided in Jacksonville, Duval County, Florida, where the incidents described herein also occurred.

5.     The Defendant, MIKE WILLIAMS (hereinafter referred to as "SHERIFF WILLIAMS") serves in his official capacity as Sheriff at Jacksonville Sheriff's Office (hereinafter referred to as "JSO") for the Consolidated City of Jacksonville, Florida. JSO is a municipal police department in Jacksonville, Duval County, Florida. SHERIFF WILLIAMS is sued herein in his official capacity as Sheriff of JSO and is *sui juris*.

6.     Defendant, OFFICER AKINYEMI A. BORISADE #72073, (hereinafter referred to as "BORISADE"), at all material times was a resident of Jacksonville, Duval County, Florida and committed the acts and omissions contained herein in Jacksonville, Duval County, Florida. At all times material, Defendant BORISADE was employed by JSO as a law enforcement officer, was acting in conformance with JSO's policies and procedures and under the color of state law.

2

7.     Defendant, OFFICER N.H. VICKERY #64291, (hereinafter referred to as "VICKERY"), at all material times was a resident of Jacksonville, Duval County, Florida and committed the acts and omissions contained herein in Jacksonville, Duval County, Florida. At all times material, Defendant VICKERY was employed by JSO as a law enforcement officer, was acting in conformance with JSO's policies and procedures and under the color of state law.

8.     Defendant, OFFICER K. A. CHASTAIN #66535, (hereinafter referred to as "CHASTAIN"), at all material times was a resident of Jacksonville, Duval County, Florida and committed the acts and omissions contained herein in Jacksonville, Duval County, Florida. At all times material, Defendant CHASTAIN was employed by JSO as a law enforcement officer, was acting in conformance with JSO's policies and procedures and under the color of state law.

9.     Defendant, OFFICER J. C. ANDRES #60228, (hereinafter referred to as "ANDRES"), at all material times was a resident of Jacksonville, Duval County, Florida and committed the acts and omissions contained herein in Jacksonville, Duval County, Florida. At all times material, Defendant ANDRES was employed by JSO as a law enforcement officer, was acting in conformance with JSO's policies and procedures and under the color of state law.

10.    At all times material, all law enforcement personnel involved herein were working in the city limits of Jacksonville, Duval County Florida, including Defendants BORISADE, VICKERY, CHASTAIN, and ANDRES, and were acting as employees and/or agents in the course and scope of their employment and/or agency with the JSO. All acts material hereto occurred in Jacksonville, Duval County, Florida.

11.    At all material times, Defendant EMPERORS INC., a Florida Corporation, d/b/a SCORES, owned and operated an establishment called "SCORES" located at 4923 University Blvd. W, Jacksonville, Duval County, Florida.

3

12.     The fictitious name, "SCORES," is owned by EMPEROR'S INC., and is used to identify the establishment where the subject incidents occurred. Plaintiff uses the common legal acronym, "d/b/a," to identify both entities, "EMPEROR'S INC., d/b/a SCORES;" however, at all times material, sues EMPEROR'S INC., a Florida Corporation.

## **GENERAL ALLEGATIONS**

13.     At about 2:00 p.m., on April 27, 2016, new Jacksonville, Florida resident, MAYRA MARTINEZ, reported to her first day of work at SCORES, after recently relocating from Orlando, Florida.

14.     At all times material to this Complaint, employees of SCORES were acting in the course and scope of their employment with EMPEROR'S, INC., a Florida Corporation.

15.     During her shift, MS. MARTINEZ was served alcohol (or some other intoxicant) by fellow SCORES employee(s). She may have been involuntarily given a drug while at SCORES.

16.     SCORES called the police and reported MS. MARTINEZ as "trespassing."

17.     SCORES employees ejected MS. MARTINEZ from the interior of its premises while depriving her of her possessions, including her purse, house and car keys, identification, phone, social security card and other belongings.

18.     Rookie police officer, Defendant, BORISADE, of the JSO reported to the scene in his official capacity at the request of SCORES.

19.     MS. MARTINEZ was told she could not drive her vehicle as she appeared to be under the influence, but, however, was concurrently ordered to leave the premises and parking lot immediately without further guidance or assistance.

20.     MS. MARTINEZ was told she could walk to another location despite being also

4

told she was publicly intoxicated. Based on the claim by Defendant BORISADE and others that she was intoxicated, this order would have potentially caused her to violate another law (public intoxication) and potentially cause further harm to herself or others.

21.     Before leaving, MS. MARTINEZ requested her personal items, including her purse, house and car keys, identification, phone, social security card and other belongings.

22.     Defendant, BORISADE refused to retrieve MS. MARTINEZ'S belongings and ordered her to leave the exterior of the property despite SCORES keeping her purse, keys, identification, phone, social security card and other belongings.

23.     When she would not roam off by her herself and without the ability to drive or use her phone to call others for assistance, Defendant BORISADE attempted to arrest MS. MARTINEZ.

24.     BORISADE, and a fellow officer, VICKERY, went "hands on" with MS. MARTINEZ and used escalating force to detain her.

25.     BORISADE pinned MS. MARTINEZ on the ground while beating her repeatedly with his fists.

26.     VICKERY assisted BORISADE in pinning MS. MARTINEZ on the ground and/or while BORISADE beat her repeatedly.

27.     MS. MARTINEZ can be heard screaming from a good Samaritan's vehicle dash-cam, "I didn't do anything."

28.     BORISADE and VICKERY were not aware they were being recorded while using force on MS. MARTINEZ.

29.     MS. MARTINEZ was bound and forcibly placed into a police car.

30.     MS. MARTINEZ was transported to the sally port (intake corridor) of the Pre-

5

Trial Detention Facility of JSO by BORISADE.

31.     MS. MARTINEZ remained restrained in BORISADE'S police cruiser for a prolonged period of time while officers consulted each other while drafting their reports.

32.     MS. MARTINEZ was taken to the intake corridor of the Pre-Trial Detention Facility, and awaited processing into the jail. Said facility had video cameras recording at all material times.

33.     MS. MARTINEZ remained handcuffed at all material times at the Pre-Trial Detention Facility sally port.

34.     OFFICER BORISADE made insulting statements to MS. MARTINEZ, such as these are "not like the fuzzy cuffs you are used to."

35.     BORISADE approached MS. MARTINEZ and shoved her into the wall.

36.     BORISADE repeatedly hit MS. MARTINEZ with a closed fist in her stomach, chest and face, knocking her unconscious.

37.     CSX Officer Cochran described that BORISADE "lost his cool."

38.     CSX Officer Cochran described that BORISADE "rared back" and hit MS. MARTINEZ in the gut and "threw it good at her."

39.     OFFICER ANDRES warned BORISADE before he hit MS. MARTINEZ, by walking up to him and said to BORISADE, "they got cameras here, don't be stupid."

40.     OFFICER ANDRES never tried to intervene, to stop BORISADE, or come to MS. MARTINEZ'S aid, despite warning BORISADE about cameras.

41.     Video footage shows that he failed to check on her while she lay unconscious from BORISADE'S use of force.

42.     OFFICER CHASTAIN never tried to intervene, to stop BORISADE or come to

6

MS. MARTINEZ'S aid, or otherwise check on her.

43.     Several other officers are seen standing  by and failing to intervene, to stop BORISADE, or otherwise come to MS. MARTINEZ'S aid.

44.     Detention and correctional facilities have an obligation to provide adequate medical care to detainees and prisoners.

45.     MS. MARTINEZ was left passed out or unconscious after BORISADE's physical contact without medical care, assistance or examination.

46.     MS. MARTINEZ did not move for nearly 15 minutes and no JSO officer provided assistance regarding her unconsciousness, including but not limited to OFFICERS BORISADE, CHASTAIN, and ANDRES.

47.     Jacksonville Fire and Rescue was ultimately called and was given false or a fundamental lack of information about MS. MARTINEZ by JSO officers.

48.     Defendant, BORISADE made false claims to medical professionals that he hit MS. MARTINEZ in the stomach and failed to disclose other physical contact he made, such as hitting her in the head earlier that day.

49.     The EMT report indicated EMTs repeatedly urged Jacksonville Sheriff's Office to allow them to take MS. MARTINEZ to a hospital in the ambulance located only a few feet away.

50.     BORISADE   refused   MS.   MARTINEZ   further   medical   treatment   or hospitalization, "against (the EMT's) medical advice."

51.     Once revived and taken inside, another JSO officer argued with MS. MARTINEZ over a body piercing in her nose area that she was unable to remove.

52.     Instead of deescalating or following protocol for a head injury victim, MS. MARTINEZ was again confronted with unnecessary and excessive force by several officers

while trying to change clothes. She was physically taken down to the ground by male and female officers, this time while completely nude.

53.     Several male officers assisted with restraining MS. MARTINEZ while she was nude.

54.     These officers exhibited unreasonable use of force and/or failed to stop or intervene in the rendering of unreasonable force.

55. Upon information and belief, JSO used a "prostraint chair" on MS. MARTINEZ to restrain her after one or more of these incidents.

56.     Once MS. MARTINEZ was processed into jail, she was approached in her jail cell by two members of JSO's "integrity unit" during the middle of the night. MS. MARTINEZ asked for a lawyer long before this encounter and had not been provided one, nor access to one.

57.     Despite MS. MARTINEZ's multiple requests for an attorney, JSO proceeded to take statements from MS. MARTINEZ under the guise that the statements would merely be used as a friendly internal investigation against Defendant BORISADE.

58.     BORISADE acknowledged that as part of his training with JSO, JSO officers are allowed to strike suspects in handcuffs.

59.     When later asked by JSO's integrity officers, BORISADE admitted, "the amount of times I hit her… looked bad on camera."

60.     In addition to the physical damage to her head, neck, arms, back and head, MS. MARTINEZ suffers from emotional damages and mental pain and suffering, including fear, embarrassment, humiliation, anger, depression, and other emotions that hinder the enjoyment of living which result from the incident and its aftermath. She also suffers Post Traumatic Stress Disorder (PTSD) and similar disorders.

8

## COUNT I
## BATTERY BY BORISADE (AT SCORES)

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

61.     On or about April 27, 2016, Defendant, BORISADE, an employee and uniformed officer with the JSO committed a battery when he touched, punched, shoved and/or hit Plaintiff, MAYRA MARTINEZ, without her consent and against her will.

62.     The aforementioned act of striking Plaintiff was the intended act of Defendant BORISADE and was carried out in bad faith and with malicious intent.

63.     As a direct and proximate result of the acts of Defendant, BORISADE, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired.  These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against the Defendant, BORISADE and any other such relief this Honorable Court deems reasonable and just.

## COUNT II
## BATTERY BY BORISADE (AT PTDF SALLY PORT)

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

9

64.     On or about April 27, 2016, Defendant, BORISADE, an employee and uniformed officer with the JSO committed a battery when he touched, punched, shoved or hit Plaintiff, MAYRA MARTINEZ, without her consent and against her will.

65.     The aforementioned act of striking Plaintiff was the intended act of Defendant, BORISADE, and was carried out in bad faith and with malicious intent.

66.     As a direct and proximate result of the acts of Defendants SHERIFF WILLIAMS, JSO and BORISADE, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against the Defendant, BORISADE, and any other such relief this Honorable Court deems reasonable and just.

### COUNT III
### NEGLIGENCE BY BORISADE AT SCORES

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

67.     At all times material and at the time of the aforementioned incident, Defendant SHERIFF WILLIAMS employed uniformed police officer BORISADE at JSO and BORISADE was acting within the scope of his employment.

68.     BORISADE is directly liable for his own actions and inactions.

69.     BORISADE owed a duty to Plaintiff, MAYRA MARTINEZ, to use appropriate force and to act as a reasonable law enforcement officer under same or similar circumstances.

70.     BORISADE stated he was trained that it was acceptable to strike a handcuffed inmate.

71.     BORISADE breached the aforementioned duties in the following ways while in the SCORES parking lot:

a.      by using unreasonable force on suspects, including Plaintiff, MAYRA MARTINEZ;

b.      by denying healthcare or medical treatment;

c.      by not using de-escalation techniques;

d.      by assuming he could strike a detained individual in the manner he did with consent of his employer; and

e.      by indicating training or procedure finding it acceptable to strike a detained individual as long as cameras are not present.

72.     As such, JSO's supervision and training of rookie OFFICER BORISADE and/or their failure to provide him with active supervision was negligent and was the direct and proximate cause of Plaintiff, MAYRA MARTINEZ'S injuries.

73.     Alternatively or additionally, BORISADE misapplied or misunderstood his training by JSO.

74.     As a direct and proximate result of the aforementioned negligent acts of Defendant BORISADE, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap,

11

and has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against the Defendant BORISADE, and any other such relief this Honorable Court deems reasonable and just.

**COUNT IV**
**NEGLIGENCE BY SHERIFF WILLIAMS AT SCORES**

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

75.     At all times material and at the time of the aforementioned incident, Defendant SHERIFF WILLIAMS employed uniformed police officer BORISADE at JSO and BORISADE was acting within the scope of his employment.

76.     JSO is vicariously liable for the training and supervision of BORISADE, as well as any negligent or grossly negligent actions of its employee, Defendant, BORISADE.

77.     BORISADE owed a duty to Plaintiff, MAYRA MARTINEZ, to use appropriate force and to act as a reasonable law enforcement officer under same or similar circumstances.

78.     BORISADE stated he was trained that it was acceptable to strike a handcuffed inmate.

79.     JSO breached the aforementioned duties in the following ways while in the SCORES parking lot:

a.     by training BORISADE to unreasonably use force on suspects, including Plaintiff, MAYRA MARTINEZ;

12

b. by not training or supervising BORISADE on reasonable uses of force on suspects, including Plaintiff, MAYRA MARTINEZ;

c. by allowing unreasonable use of force as a pattern and protocol at JSO;

d. by training BORISADE, and/or other officers to unreasonably deny healthcare to suspects, including Plaintiff, MAYRA MARTINEZ;

e. by not training BORISADE and/or other officers to use reasonable force on suspects, including Plaintiff, MAYRA MARTINEZ;

f. by denying healthcare or medical treatment;

g. by failing to instruct officers to intervene where there is clearly escalating aggression by officers, including BORISADE, which is visible to officers and closed-captioned television cameras;

h. by not training officers in de-escalation techniques;

i. by condoning BORISADE'S unreasonable use of force on Plaintiff, MAYRA MARTINEZ ;

j. by condoning BORISADE'S unreasonable denial of healthcare to Plaintiff, MAYRA MARTINEZ; and/or

k. by BORISADE assuming he could strike a detained individual in the manner he did with consent of his employer;

l. by JSO employees indicating training or procedure finding it acceptable to strike a detained individual as long as cameras are not present; and;

13

m.     by hiring or retaining BORISADE despite knowledge or foreseeability of inappropriate conduct such as inappropriate use of force, violating civil rights or other harmful conduct cited herein.

80.     As such, JSO's supervision and training of rookie OFFICER BORISADE and/or their failure to provide him with active supervision was negligent and was the direct and proximate cause of Plaintiff, MAYRA MARTINEZ'S injuries.

81.     Alternatively or additionally, BORISADE misapplied or misunderstood his training by JSO.

82.     As a direct and proximate result of the aforementioned negligent acts of Defendants SHERIFF WILLIAMS, JSO and/or BORISADE, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against the Defendant SHERIFF WILLIAMS in his capacity at JSO, and any other such relief this Honorable Court deems reasonable and just.

## COUNT V
## NEGLIGENCE BY BORISADE (AT PTDF SALLY PORT)

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

14

83.    At all times material and at the time of the aforementioned incident, Defendant SHERIFF WILLIAMS employed uniformed police officer BORISADE at JSO and BORISADE was acting within the scope of his employment.

84.    BORISADE is directly liable for his own actions and inactions.

85.    BORISADE owed a duty to Plaintiff, MAYRA MARTINEZ, to use appropriate force and to act as a reasonable law enforcement officer under same or similar circumstances.

86.    BORISADE stated he was trained that it was acceptable to strike a handcuffed inmate, among other admitted civil rights violations in his interview with JSO's integrity team.

87.    BORISADE breached the aforementioned duties in the following ways while in the Scores parking lot:

   a.    by using unreasonable force on suspects, including Plaintiff, MAYRA MARTINEZ;

   b.    by denying healthcare or medical treatment to MAYRA MARTINEZ;

   c.    by not employing de-escalation techniques;

   d.    by assuming he could strike a detained individual in the manner he did with consent of his employer;

88.    As such, JSO's supervision and training of rookie officer BORISADE and/or their failure to provide him with active supervision were negligent and were the direct and proximate cause of Plaintiff, MAYRA MARTINEZ'S injuries.

89.    Alternatively or additionally, BORISADE misapplied or misunderstood his training by JSO.

90.     As a direct and proximate result of the aforementioned negligent acts of Defendant BORISADE, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against the Defendant BORISADE, and any other such relief this Honorable Court deems reasonable and just.

## COUNT VI
## NEGLIGENCE BY SHERIFF WILLIAMS (AT PTDF SALLY PORT)

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

91.     At all times material and at the time of the aforementioned incident, Defendant SHERIFF WILLIAMS employed uniformed police officer BORISADE at JSO and BORISADE was acting within the scope of his employment.

92.     JSO is vicariously liable for the training and supervision of BORISADE, as well as any negligent or grossly negligent actions of its employee, Defendant BORISADE.

93.     BORISADE owed a duty to Plaintiff, MAYRA MARTINEZ, to use appropriate force and to act as a reasonable law enforcement officer under same or similar circumstances.

94.     BORISADE stated he was trained that it was acceptable to strike a handcuffed inmate, among other admitted civil rights violations in his interview with JSO's integrity team.

16

95.     JSO breached the aforementioned duties in the following ways while in the Scores parking lot:

a.      by training BORISADE to unreasonably use force on suspects, including Plaintiff, MAYRA MARTINEZ;

b.      by not training or supervising BORISADE on reasonable uses of force on suspects, including Plaintiff, MAYRA MARTINEZ;

c.      by allowing unreasonable use of force as a pattern and protocol at JSO;

d.      by training BORISADE, and/or other officers to unreasonably deny healthcare to suspects, including Plaintiff, MAYRA MARTINEZ;

e.      by not training BORISADE and/or other officers to use reasonable force on suspects, including Plaintiff, MAYRA MARTINEZ;

f.      by denying healthcare or medical treatment;

g.      by failing to instruct officers to intervene where there is clearly escalating aggression by officers, including BORISADE, which is visible to officers and closed-captioned television cameras;

h.      by not training officers in de-escalation techniques;

i.      by BORISADE unreasonably using force on Plaintiff, MAYRA MARTINEZ;

j.      by BORISADE unreasonably denying healthcare to Plaintiff, MAYRA MARTINEZ; and/or

k.      by BORISADE assuming he could strike a detained individual in the manner he did with consent of his employer;

17

      l.     by JSO employees indicating training or procedure finding it acceptable to strike a detained individual as long as cameras are not present; and;

      m.     by hiring or retaining BORISADE despite knowledge or foreseeability of inappropriate conduct such as inappropriate use of force, violating civil rights or other harmful conduct cited herein.

96.     As such, JSO's supervision and training of rookie officer BORISADE and/or their failure to provide him with active supervision were negligent and were the direct and proximate cause of Plaintiff, MAYRA MARTINEZ'S injuries.

97.     Alternatively or additionally, BORISADE misapplied or misunderstood his training by JSO.

98.     As a direct and proximate result of the aforementioned negligent acts of Defendant SHERIFF WILLIAMS, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against the Defendant SHERIFF WILLIAMS in his capacity at JSO, and any other such relief this Honorable Court deems reasonable and just.

## COUNT VII
## CLAIM OF NEGLIGENCE AGAINST N.H. VICKERY (AT SCORES)

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

99.     Defendant VICKERY assisted BORISADE and was present at all material times during BORISADE's use of force upon Plaintiff, MAYRA MARTINEZ.

100.    Defendant VICKERY admitted he was concerned about the use of force and amount of punches BORISADE inflicted upon Plaintiff, MAYRA MARTINEZ, in the SCORES parking lot.

101.    Defendant VICKERY admitted the following: "I think there was a point where [BORISADE] actually pushed her face into the ground."

102.    Despite seeing BORISADE's actions, which he knew were inappropriate and/or excessive, VICKERY did not act or seek to separate BORISADE and Plaintiff, MAYRA Martinez, at the SCORES scene or subsequent to that scene.

103.    Despite seeing actions he knew were inappropriate and/or excessive, VICKERY did not act or seek to report the conduct or otherwise prevent BORISADE from attacking Plaintiff, MAYRA MARTINEZ, a second time.

104.    Defendant VICKERY owed a duty to Plaintiff, MAYRA MARTINEZ, to use appropriate force, prevent other officers from using illegal force, and to act as a reasonable law enforcement officer under the same or similar circumstances.

105.    Defendant VICKERY'S actions and/or inactions were negligent and were the direct and proximate cause of Plaintiff, MAYRA MARTINEZ'S injuries.

106. Officers have a duty to protect individuals from constitutional violations by fellow officers. Therefore, an officer who witnesses a fellow officer violating an individual's constitutional rights may be liable to the victim for failing to intervene.

107. Police officers have an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in their presence by other officers. Officers who fail to intervene may be liable for the harm caused by their colleagues.

108. As a direct and proximate result of the aforementioned negligent acts of Defendant VICKERY, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against the Defendant VICKERY and any other such relief this Honorable Court deems reasonable and just.

## COUNT VIII
## CLAIMS OF NEGLIGENCE AGAINST K. A. CHASTAIN, J. C. ANDRES, AND OTHER UNKNOWN OFFICERS (AT PTDF SALLY PORT)

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

20

109. Defendants K. A. CHASTAIN, J. C. ANDRES, AND OTHER UNKNOWN OFFICERS were present at all material times during BORISADE's use of force upon Plaintiff, MAYRA MARTINEZ.

110. Defendants K. A. CHASTAIN, J. C. ANDRES, AND OTHER UNKNOWN OFFICERS made various statements, admitting concern about BORISADE'S actions and BORISADE'S growing anger and hostility towards Plaintiff, MAYRA MARTINEZ.

111. Despite seeing BORISADE's actions, which Defendants knew or should have known were inappropriate and/or excessive, the officers did not act or seek to separate BORISADE and Plaintiff, MAYRA MARTINEZ, at any point or seek to otherwise intervene.

112. Despite seeing interactions they knew or should have known were inappropriate and/or excessive, the officers did not act or seek to report the conduct or otherwise prevent BORISADE from attacking Plaintiff, MAYRA MARTINEZ at the jail facility.

113. Defendants owed a duty to Plaintiff, MAYRA MARTINEZ, to use appropriate force, prevent other officers from using illegal force, and to act as a reasonable law enforcement officers under the same or similar circumstances.

114. Defendants actions and/or inactions were negligent and were the direct and proximate cause of Plaintiff, MAYRA MARTINEZ'S injuries.

115. Officers have a duty to protect individuals from constitutional violations by fellow officers. Therefore, an officer who witnesses a fellow officer violating an individual's constitutional rights may be liable to the victim for failing to intervene.

116. Police officers have an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in their presence by other officers. Officers who fail to intervene may be liable for the harm caused by their colleagues.

21

117.    As a direct and proximate result of the aforementioned negligent acts of Defendants K. A. CHASTAIN, J. C. ANDRES, and other unknown officers, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against the Defendants K. A. CHASTAIN, J. C. ANDRES, and other unknown officers and any other such relief this Honorable Court deems reasonable and just.

## COUNT IX
### VICKERY'S VIOLATIONS OF 42 U.S.C. § 1983 (AT SCORES)

Plaintiff adopts and re-alleges Paragraphs 1 through 60 and 99 through 108, as if set forth fully herein, and further alleges as follows:

118.    On or about April 27, 2016, Defendant VICKERY, an employee and uniformed officer with the JSO, witnessed BORISADE commit a battery and/or unlawful use of force when he used unreasonable and illegal force, punched, shoved and/or hit Plaintiff, MAYRA MARTINEZ without her consent and against her will.

119.    Officer VICKERY has admitted he was concerned about the amount of force used by BORISADE upon Plaintiff, MAYRA MARTINEZ.

120.    Despite this, VICKERY never intervened, did not contemporaneously report or seek to detain BORISADE or otherwise seek to protect Plaintiff, MAYRA MARTINEZ and her rights. In fact, VICKERY allowed BORISADE to continue to keep Plaintiff, MAYRA

22

MARTINEZ, in his sole custody despite BORISADE'S previous battery and/or unreasonable use of force against her.

121.    The actions and omissions of Defendant VICKERY violated clearly established law, and violated the Constitutional rights of Plaintiff, MAYRA MARTINEZ, including her rights under the Fourth and Fourteenth Amendments to the United States Constitution, through the wrongful acts of failing to intervene and in fact facilitating BORISADE'S unreasonable force against Plaintiff, MAYRA MARTINEZ.

122.    As a direct and proximate result of the acts and omissions of Defendant VICKERY, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against the Defendant, VICKERY and any other such relief this Honorable Court deems reasonable and just.

**COUNT X**
**CLAIMS VERSUS DEFENDANTS K. A. CHASTAIN, J. C. ANDRES, AND OTHER**
**UNKNOWN OFFICERS PURSUANT TO 42 U.S.C. § 1983 (AT PTDF SALLY PORT)**

Plaintiff adopts and re-alleges Paragraphs 1 through 60, as if set forth fully herein, and further alleges as follows:

123.    On or about April 27, 2016, Defendants K. A. CHASTAIN, J. C. ANDRES, and other unknown officers, as employees and uniformed officers with JSO, witnessed BORISADE commit a battery and/or unlawful use of force when he used unreasonable and illegal force, punched, shoved and/or hit Plaintiff, MAYRA MARTINEZ without her consent and against her will.

124.    Defendants K. A. CHASTAIN, J. C. ANDRES, and other unknown officers were present at all material times during BORISADE's use of force upon Plaintiff, MAYRA MARTINEZ.

125.    Defendants K. A. CHASTAIN, J. C. ANDRES, and other unknown officers made various statements, admitting concern about BORISADE'S actions and BORISADE'S growing anger and hostility towards Plaintiff, MAYRA MARTINEZ.

126.    Despite seeing BORISADE's actions, which Defendants knew or should have known were inappropriate and/or excessive, the officers did not act or seek to separate BORISADE and Plaintiff, MAYRA MARTINEZ at any point or seek to otherwise intervene.

127.    Despite seeing interactions they knew or should have known were inappropriate and/or excessive, the officers did not act or seek to report the conduct or otherwise prevent BORISADE from attacking Plaintiff, MAYRA MARTINEZ at the jail facility.

128.    Despite expressing concerns and even comments to BORISADE to be careful because there were cameras in the area, these officers as a group and as individuals never intervened, nor did they contemporaneously report or seek to detain BORISADE or otherwise seek to protect Plaintiff, MAYRA MARTINEZ, and her rights. In fact, these officers allowed BORISADE to continue to keep Plaintiff, MAYRA MARTINEZ in charge of this ward of JSO despite his battery and/or unreasonable use of force against her at an earlier time and/or despite

24

clear signs of his unfounded anger and hostility towards Plaintiff, MAYRA MARTINEZ. Further, they failed to remove BORISADE as the one making decisions about Plaintiff, MAYRA MARTINEZ after he hit her a second time in the jail.

129.   The actions and omissions of these Defendants violated clearly established law, and violated the Constitutional rights of Plaintiff, MAYRA MARTINEZ, including her rights under the Fourth and Fourteenth Amendments to the United States Constitution, through the wrongful acts of failing to intervene and in fact facilitating BORISADE'S unreasonable force against Plaintiff, MAYRA MARTINEZ.

130.   As a direct and proximate result of the acts and omissions of these Defendants, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired.   These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against the Defendants K. A. CHASTAIN, J. C. ANDRES,  and other unknown officers and any other such relief this Honorable Court deems reasonable and just.

## COUNT XI
## BORISADE'S VIOLATION OF 42 U.S.C. § 1983 AT SCORES

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

131.    This claim is brought pursuant to 42 U.S.C. §§1983 and 1988 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

132.    The actions alleged above deprived Plaintiff, MAYRA MARTINEZ, of clearly defined, established and well-settled Constitutional rights specifically: (a) the freedom from the use of excessive and unreasonable force; (b) the freedom from unreasonable seizure; and (c) the freedom from deprivation of liberty without due process of law.

133.    Defendant BORISADE acted recklessly, maliciously, or deliberately indifferent toward Plaintiff, MAYRA MARTINEZ when he deprived her of her Constitutional rights.

134.    As a direct and proximate result of the aforementioned acts and omissions of Defendant BORISADE, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, punitive damages, all costs, interest and reasonable attorney's fees provided under the applicable law, against the Defendant, BORISADE and any other such relief this Honorable Court deems reasonable and just.

## COUNT XII
## BORISADES VIOLATION OF 42 U.S.C. § 1983 AT PTDF SALLY PORT

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

26

135.   This claim is brought pursuant to 42 U.S.C. §§1983 and 1988 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

136.   The actions alleged above deprived Plaintiff, MAYRA MARTINEZ, of clearly defined, established and well-settled Constitutional rights specifically: (a) the freedom from the use of excessive and unreasonable force; (b) the freedom from unreasonable seizure; and (c) the freedom from deprivation of liberty without due process of law.

137.   Defendant BORISADE acted recklessly, maliciously, or deliberately indifferent toward Plaintiff, MAYRA MARTINEZ when he deprived her of her Constitutional rights.

138.   As a direct and proximate result of the aforementioned acts and omissions of Defendant BORISADE, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, punitive damages, all costs, interest and reasonable attorney's fees provided under the applicable law, against the Defendant, BORISADE and any other such relief this Honorable Court deems reasonable and just.

**COUNT XIII**
**SHERIFF WILLIAMS VIOLATION OF 42 U.S.C. § 1983 FOR DEPRIVATION OF MEDICAL CARE (AT PTDF SALLY PORT)**

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

139.    This claim is brought pursuant to 42 U.S.C. §§1983 and 1988 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

140.    During the time leading up to this incident, and to date, many notices of intent to sue and many lawsuits alleging breaches by JSO of civil rights have been filed.

141. During the time leading up to this incident, and to date, many JSO officers have been repeatedly arrested for various violations of citizen's civil rights.

142. The breach of Plaintiff, MAYRA MARTINEZ'S civil rights was allowed to compound from one scene to the next, creating a series of events which led to several violations of her constitutional rights.

143.    Defendant SHERIFF WILLIAMS permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force by law enforcement personnel under his tenure.

144.    Defendant SHERIFF WILLIAMS failed to discipline or eradicate known instances of wrongful and excessive use of force by officers under his direction and employ.

145.    Defendant SHERIFF WILLIAMS refused to adequately investigate complaints of previous incidents of wrongful and excessive use of force by officers under his direction and employ and instead caused law enforcement personnel to believe such conduct is permissible.

146. When presented with a records request regarding officer misconduct, SHERIFF WILLIAMS responded with an invoice totaling in excess of $134,000, for the documentation.

147. Defendant SHERIFF WILLIAMS maintained a failed system, leading to Plaintiff, MAYRA MARTINEZ, the deprivation of medical attention, as alleged herein, by allowing officers to tell medical professionals an incomplete, inaccurate and/or untrue description of her injuries, by failing to render any aid for the injuries caused by an officer, by leaving her

28

unconscious for a prolonged period of time causing her increased injuries, by refusing medical attention and otherwise by not allowing her to be seen by a doctor. Not only were multiple officers present for the incident of battery, excessive use of force, and deprivation of medical attention as alleged herein, but the video feed was contemporaneously accessible to all supervisory employees of JSO.

148.    The foregoing acts, omissions, and systematic deficiencies exist either because of polices and customs of Defendant SHERIFF WILLIAMS or the failure to administer the policies and customs, such that officers and employees under the employ and direction of Defendant SHERIFF WILLIAMS are unaware or alternatively unconcerned with the rules and laws governing permissible use of force and to believe that such use of force is entirely within the discretion of the deputies and employees and that such use of force would not be honestly and properly investigated, all with the foreseeable result that officers and employees are more likely to use excessive force in situations where such force is not necessary, reasonable or legal.

149.    As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant SHERIFF WILLIAMS, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, punitive damages, all costs, interest and reasonable attorney's

fees provided under the applicable law, against the Defendant SHERIFF WILLIAMS and any other such relief this Honorable Court deems reasonable and just.

**COUNT XIV**
**BORISADE, K. A. CHASTAIN, J. C. ANDRES, AND OTHER UNKNOWN OFFICERS**
**VIOLATION OF 42 U.S.C. § 1983 FOR DEPRIVATION OF MEDICAL CARE**

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

150.    This claim is brought pursuant to 42 U.S.C. §§1983 and 1988 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

151.    During the time leading up to this incident, and to date, many notices of intent to sue and many lawsuits alleging breaches by JSO of civil rights have been filed.

152. Defendant BORISADE deprived MS. MARTINEZ of medical attention, as alleged herein, by allowing officers to tell medical professionals an incomplete, inaccurate and/or untrue description of her injuries, by failing to render any aid for the injuries caused by an officer, by leaving her unconscious for a prolonged period of time causing her increased injuries, by refusing medical attention and otherwise by not allowing her to be seen by a doctor. Not only were multiple officers present for the incident of battery, excessive use of force, and deprivation of medical attention as alleged herein, but the video feed was contemporaneously accessible to all supervisory employees of JSO.

153.    The foregoing acts, omissions, and systematic deficiencies exist either because of polices and customs of Defendant SHERIFF WILLIAMS or the failure to administer the policies and customs, such that officers and employees under the employ and direction of Defendant SHERIFF WILLIAMS are unaware or alternatively unconcerned with the rules and laws governing permissible use of force and to believe that such use of force is entirely within the

30

discretion of the deputies and employees and that such use of force would not be honestly and properly investigated, all with the foreseeable result that officers and employees are more likely to use excessive force in situations where such force is not necessary, reasonable or legal.

154.    As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendants Officers BORISADE, K. A. CHASTAIN, J. C. ANDRES, AND OTHER UNKNOWN OFFICERS Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, has lost earnings and her earning ability has been significantly impaired.  These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, punitive damages, all costs, interest and reasonable attorney's fees provided under the applicable law, against the Defendant SHERIFF WILLIAMS, and Officers BORISADE, K. A. CHASTAIN, J. C. ANDRES, AND OTHER UNKNOWN OFFICERS and any other such relief this Honorable Court deems reasonable and just.

**COUNT XV**
**SHERIFF WILLIAMS' VIOLATION OF 42 U.S.C. § 1983 (AT SCORES)**

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

155.    This claim is brought pursuant to 42 U.S.C. §§1983 and 1988 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

156.    At all times material, Defendant Mike Williams was Sheriff of JSO and therefore the supervisor of all law enforcement personnel employed by the City of Jacksonville. Defendant SHERIFF WILLIAMS is a person within the meaning of 42 U.S.C. § 1983.

157.    Defendant SHERIFF WILLIAMS, is liable because of his policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of improper conduct by law enforcement under his supervision of which he knew or reasonably should have known.

158.    During the time leading up to this incident, and to date, many notices of intent to sue and many lawsuits alleging breaches by JSO of people's civil rights.

159. During the time leading up to this incident, and to date, Officers are repeatedly arrested at JSO for various violations of civil rights.

160. The breach of Plaintiff, MAYRA MARTINEZ'S civil rights was allowed to compound from one scene to the next, creating a series of events which led to systemic breaches of her constitutional rights.

161.    Defendant SHERIFF WILLIAMS permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force by law enforcement personnel under his tenure.

162.    Defendant SHERIFF WILLIAMS failed to discipline or eradicate known instances of wrongful and excessive use of force by officers under his direction and employ.

163.    Defendant SHERIFF WILLIAMS refused to adequately investigate complaints of previous incidents of wrongful and excessive use of force by officers under his direction and employ and instead caused law enforcement personnel to believe such conduct is permissible.

164.    Defendant SHERIFF WILLIAMS maintained a system of review of complaints of excessive use of force by JSO law enforcement personnel and employees which has failed to

identify the use of excessive force by those officers and employees and subject those employees and law enforcement personnel, who use excessive force, to discipline, close supervision or restraining to the extent that it has become the de facto policy and custom by Defendant SHERIFF WILLIAMS to tolerate the use of excessive force by law enforcement personnel under his direction and employ.

165. Defendant SHERIFF WILLIAMS maintained a failed system, leading to the deprivation of Plaintiff, MAYRA MARTINEZ, of medical attention, as alleged herein, by allowing officers to tell medical professionals an inaccurate, incomplete and/or untrue description of her injuries, by failing to render any aid for the injuries caused, by leaving her unconscious for a prolonged period of time causing her increased injuries, by refusing medical attention and otherwise by not allowing her to be seen by a doctor. Not only were multiple officers present for the incidents of batter, excessive use of force, and deprivation of medical attention as alleged herein, but the video feed was contemporaneously accessible to all supervisory employees of JSO.

166.     The foregoing acts, omissions, and systematic deficiencies exist either because of polices and customs of Defendant SHERIFF WILLIAMS or the failure to administer the policies and customs, such that officers and employees under the employ and direction of Defendant SHERIFF WILLIAMS are unaware or alternatively unconcerned with the rules and laws governing permissible use of force and to believe that such use of force is entirely within the discretion of the deputies and employees and that such use of force would not be honestly and properly investigated, all with the foreseeable result that officers and employees are more likely to use excessive force in situations where such force is not necessary, reasonable or legal.

33

167.    As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant SHERIFF WILLIAMS, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, has lost earnings and her earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, punitive damages, all costs, interest and reasonable attorney's fees provided under the applicable law, against the Defendant, SHERIFF WILLIAMS, and any other such relief this Honorable Court deems reasonable and just.

## COUNT XVI
## CLAIM AGAINST SHERIFF WILLIAMS PURSUANT TO 42 U.S.C. § 1983
## (AT PTDF SALLY PORT)

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

168.    This claim is brought pursuant to 42 U.S.C. §§1983 and 1988 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

169.    At all times material, Defendant Mike Williams was Sheriff of JSO and therefore the supervisor of all law enforcement personnel employed by the City of Jacksonville. Defendant SHERIFF WILLIAMS is a person within the meaning of 42 U.S.C. § 1983.

170.    Defendant SHERIFF WILLIAMS, is liable because of his policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of improper conduct by law enforcement under his supervision of which he knew or reasonably should have known.

34

171.    During the time leading up to this incident, and to date, many notices of intent to sue and many lawsuits alleging breaches by JSO of civil rights have been filed.

172. During the time leading up to this incident, and to date, Officers are repeatedly arrested at JSO for various violations of citizen's civil rights.

173. The breach of Plaintiff, MAYRA MARTINEZ'S civil rights was allowed to compound from one scene to the next, creating a series of events which led to systemic violations of her constitutional rights.

174.    Defendant SHERIFF WILLIAMS permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force by law enforcement personnel under his tenure.

175.    Defendant SHERIFF WILLIAMS failed to discipline or eradicate known instances of wrongful and excessive use of force by officers under his direction and employ.

176.    Defendant SHERIFF WILLIAMS refused to adequately investigate complaints of previous incidents of wrongful and excessive use of force by officers under his direction and employ and instead caused law enforcement personnel to believe such conduct is permissible.

177.    Defendant SHERIFF WILLIAMS maintained a system of reviewing complaints of excessive use of force by JSO law enforcement personnel and employees which has failed to identify the use of excessive force by those officers and employees and further to subject those employees and law enforcement personnel, who use excessive force, to discipline, close supervision or restraining to the extent that it has become the de facto policy and custom by Defendant SHERIFF WILLIAMS to tolerate the use of excessive force by law enforcement personnel under his direction and employ.

35

178. Defendant SHERIFF WILLIAMS maintained a failed system, leading to Plaintiff, MAYRA MARTINEZ'S the deprivation of medical attention, as alleged herein, by allowing officers to tell medical professionals an incomplete, inaccurate, and/or untrue description of her injuries, by failing to render any aid for the injuries caused by an officer, by leaving her unconscious for a prolonged period of time causing her increased injuries, by refusing medical attention and otherwise by not allowing her to be seen by a doctor. Not only were multiple officers present for the incidents of battery, excessive use of force and deprivation of medical attention as alleged herein, but the video feed was contemporaneously accessible to all supervisory employees of JSO.

179.    The foregoing acts, omissions, and systematic deficiencies exist either because of polices and customs of Defendant SHERIFF WILLIAMS or the failure to administer the policies and customs, such that officers and employees under the employ and direction of Defendant SHERIFF WILLIAMS are unaware or alternatively unconcerned with the rules and laws governing permissible use of force and to believe that such use of force is entirely within the discretion of the deputies and employees and that such use of force would not be honestly and properly investigated, all with the foreseeable result that officers and employees are more likely to use excessive force in situations where such force is not necessary, reasonable or legal.

180.    As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant SHERIFF WILLIAMS, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, has lost earnings and her earning ability has been significantly impaired.

These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, punitive damages, all costs, interest and reasonable attorney's fees provided under the applicable law, against the Defendant, SHERIFF WILLIAMS, and any other such relief this Honorable Court deems reasonable and just.

**COUNT XVII**
**VICARIOUS LIABILITY - AGAINST SCORES**

Plaintiff adopts and re-alleges Paragraphs 1 through 60 as if set forth fully herein, and further alleges as follows:

181.    On April 27, 2016, Plaintiff, MAYRA MARTINEZ, arrived at SCORES for her first day of work as a dancer.

182.    At all times material to this Complaint, employees of SCORES were acting in the course and scope of their employment with EMPEROR'S, INC.

183.    SCORES DJ, Jacob Madden, greeted Plaintiff, MAYRA MARTINEZ at the door and brought her to the DJ booth to fill out an application while he made a copy of her ID.

184.    Kenneth Braumbach, the VIP bar-back, saw Plaintiff, MAYRA MARTINEZ emerge from the VIP room approximately ten (10) to fifteen (15) minutes later, and the first thing he noticed was that "[h]er equilibrium and the way that she's carrying herself were off from how she went in. She [was] visibly to me at this point intoxicated or on something already."

185.    Mr. Brumbach then brought Plaintiff, MAYRA MARTINEZ to the DJ booth, where she told Mr. Madden that customers were touching her.

186.    Mr. Madden then told Plaintiff, MAYRA MARTINEZ she was too intoxicated to work and that she needed go home but could come try again tomorrow.

37

187.     Plaintiff, MAYRA MARTINEZ complied with his request to go to the dressing room, where she prepared to leave.

188.     When Plaintiff, MAYRA MARTINEZ subsequently declined Mr. Madden's offer to call her a cab, he consulted the night-manager, "Dan," who told Mr. Madden to call the police.

189.     Mr. Brumbach and Mr. Madden then told Plaintiff, MAYRA MARTINEZ that they were calling the police and asked her to wait outside.

190.     Plaintiff, MAYRA MARTINEZ agreed to wait outside, but refused to leave the property until Mr. Madden released her purse from the DJ booth.

191.     Mr. Madden proceeded to call 911, and told the operator that one of the dancers was extremely intoxicated and would not leave.

192.     At approximately 4:50 P.M., Officer VICKERY and Officer BORISADE arrived at SCORES, where they found Plaintiff, MAYRA MARTINEZ waiting in the parking lot.

193.     Plaintiff, MAYRA MARTINEZ also told Officer VICKERY that she couldn't leave because "she still had some items in the establishment such as her purse and identification."

194.     Mr. Madden told Officer BORISADE that Plaintiff, MAYRA MARTINEZ drank "four (4) shots of a one-hundred (100) proof alcoholic beverage prior to quitting."

195.     Mr. Madden claimed he asked Plaintiff, MAYRA MARTINEZ to leave numerous times but she refused to leave the parking lot. Mr. Madden proceeded to tell Officer BORISADE that Plaintiff, MAYRA MARTINEZ was disturbing patrons from the parking lot and that he wanted her trespassed from the property.

196. After consulting one another, Officer VICKERY and Officer BORISADE informed Plaintiff, MAYRA MARTINEZ that she was being trespassed from the property. Plaintiff, MAYRA MARTINEZ tried to explain that she couldn't leave without her purse.

197. Once she was in the back of the Officer's vehicle, Plaintiff, MAYRA MARTINEZ repeated that her purse was still in SCORES. Officer BORISADE returned to the establishment and asked Mr. Madden if he had Ms. Martinez's purse, at which point Mr. Madden retrieved it from the DJ booth.

198. These events resulted in Plaintiff, MAYRA MARTINEZ being arrested for Trespass on Property/Defies Order to Leave or Endangers Property and Resisting an Officer with Violence.

199. On May 17, 2016, an information was filed against Plaintiff, MAYRA MARTINEZ, formally charging her with Resisting Officer With Violence to His or Her Person, Trespass on Property Other Than Structure or Conveyance, and Battery.

200. SCORES' employees withheld or gave false information to authorities, which commenced or continued criminal proceedings against MAYRA MARTINEZ.

201. SCORES employees' actions and statements subjected Plaintiff, MAYRA MARTINEZ to unjustifiable litigation or unwarranted criminal prosecution.

202. SCORES was the legal cause of the original proceeding against Plaintiff, MAYRA MARTINEZ, as they sought charges against her for trespass.

203. Officer BORISADE and Officer VICKERY did not have the legal authority to arrest Plaintiff, MAYRA MARTINEZ for trespass unless an owner or agent of SCORES gave her prior warning.

204.    SCORES employees Kenneth Brumbach and Jacob Madden merely told Plaintiff, MAYRA MARTINEZ that they're "going to call it a day" and that she could "maybe come back tomorrow."

205.    Although SCORES employees asked MAYRA MARTINEZ to wait outside for police to arrive, they did not ask her to leave the premises, nor did they tell her she would be arrested for trespass if she remained or returned.

206.    Because Mr. Madden was holding Plaintiff, MAYRA MARTINEZ'S purse behind the DJ booth, she had no reasonable or safe means of leaving, as her purse contained her money, keys, and identification.

207.    Mr. Madden's statements to Officer BORISADE were false and misleading in at least two respects. First, Mr. Madden failed to tell Officer BORISADE that MAYRA MARTINEZ had not been asked to leave the property, rather she was asked to wait outside. Second, Mr. Madden failed to mention the fact that her purse (containing her keys, money, and identification) was being held inside the establishment, at Mr. Madden's DJ booth.

208.    Without keys, money or identification, Plaintiff, MAYRA MARTINEZ had no reasonable means of leaving the property. By withholding such information, Officer BORISADE was under the false impression that MAYRA MARTINEZ had received a prior warning and thus, Mr. Madden prevented the intelligent exercise of the arresting officer's discretion. Wherefore, Mr. Madden gave information which he knew to be false and unduly influenced authorities, he is the legal cause of the commencement or continuation of criminal trespass proceedings against Plaintiff, MAYRA MARTINEZ.

209.   Mr. Madden was also the legal cause of the criminal battery proceeding against MAYRA MARTINEZ because he gave information to authorities which he knew to be false and so unduly influenced authorities.

210.   On or about April 28, 2016, the day after Plaintiff, MAYRA MARTINEZ'S alleged trespass, Mr. Madden signed a sworn affidavit in which he claimed she "grabbed [his] penis."

211.   Mr. Madden gave information that he knew to be false, and such information unduly influenced authorities.

212.   Defendant is the legal cause of the proceedings for battery.

213.   The Assistant State Attorney, in good faith, entered a nolle prosequi on Plaintiff, MAYRA MARTINEZ'S charges for trespass and battery, and MAYRA MARTINEZ had a bona fide termination of the original proceeding(s) in her favor.

214.   Because SCORES employees were effectively preventing Plaintiff, MAYRA MARTINEZ from leaving, the fact that she remained on the property could be explained innocently, as she was merely trying to retrieve the very property that would allow her to leave and have access to somewhere else to go. Where the facts that instituted this criminal proceeding can be explained innocently, a lack of probable cause is established.

215.   Regarding the battery alleged by SCORES employee Jacob Madden, Plaintiff, MAYRA MARTINEZ reiterates her position that this incident never occurred, and that the allegation is completely false. Where allegations are fictitious in nature, it cannot be said that Defendant initiated criminal proceedings upon probable cause.

216.   The above-described acts of Jacob Madden, Kenneth Braumbach, and "Dan" (night-manager) were committed while acting as agents, servants, and/or employees of

41

Defendant EMPEROR'S, INC., and while acting within the scope of their employment with EMPEROR'S, INC.

217.    As the principal and employer of Jacob Madden, Kenneth Braumbach, and "Dan" (night-manager), Defendant, EMPEROR'S, INC. is responsible for all of the acts committed by Jacob Madden, Kenneth Braumbach, and "Dan" (night-manager) within the scope of their employment.

218.    Additionally, as the owner of Scores Gentlemen's Club, Defendant EMPEROR'S, INC., is vicariously liable for the negligent actions of Jacob Madden, Kenneth Braumbach, and "Dan" (night-manager) through operation of the doctrine, *respondeat superior*, and Florida law.

219.    As a direct and proximate result of the acts and omissions of this Defendant, Plaintiff, MAYRA MARTINEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired.   These losses are either permanent or continuing in nature and Plaintiff, MAYRA MARTINEZ, will suffer like losses or impairments in the future.

WHEREFORE, the Plaintiff, MAYRA MARTINEZ, demands judgment for damages, including compensatory damages, all costs, and interest provided under the applicable law, against Defendant SCORES and any other such relief this Honorable Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all issues so triable.

**DATED** _____              **Law Office of John M. Phillips, LLC**


    **/s/ Natashia Hines**_____
**JOHN M. PHILLIPS, ESQUIRE**
Florida Bar Number:  0477575
**NATASHIA D. HINES, ESQUIRE**
Florida Bar Number:  0089072
4230 Ortega Boulevard
Jacksonville, FL 32210
(904) 444-4444
(904) 508-0683 (facsimile)
Attorney for Plaintiff
jphillips@floridajustice.com
michele@floridajustice.com
natashia@floridajustice.com